

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM0090-12 |
| | ) |
| vs. | ) |
| | ) DECISION AND ORDER |
| | ) |
| MARK C. CHARFAUROS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

This matter came before the HONORABLE VERNON P. PEREZ on April 23, 2012. Attorney Randall F. Cunliffe appeared representing Defendant, who was present. Attorney Nelson J. Werner appeared on behalf of the Government. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with solicitation to commit assault and official misconduct. Defendant filed a Motion to Dismiss on February 13, 2012. The Government filed the People's Opposition to Defendant's Motion to Dismiss on March 23, 2012. Defendant then filed a Reply to Government's Opposition to Dismiss on March 27, 2012. The Court took the matter under advisement on April 23, 2012. The Government also filed a Motion to Disqualify Defendant's Counsel of Record on April 16, 2012, which has not yet been heard. This Decision and Order will only address Defendant's Motion to Dismiss as it may be dispositive of the case.

# DISCUSSION

## I. Motion to Dismiss

Defendant argues that the case should be dismissed because Defendant was unable to have committed solicitation as solicitation may only be committed where a felony is the underlying crime. Defendant points out that he was charged with solicitation to commit assault, which is a misdemeanor, and therefore could not have been guilty of committing solicitation. Defendant also argues that the second charge of official misconduct must rest on the solicitation the way it is charged in the indictment and should also be dismissed. The Government argues that it has broad discretion in deciding what charges to file and that solicitation of misdemeanor assault is a viable charge.

### Solicitation

Solicitation is defined under Title 9 of the Guam Code Annotated Section 13.20, which provides:

> A person is guilty of solicitation to commit a felony when with intent to promote or facilitate its commission he commands, encourages or requests another person to perform or omit to perform an act which constitutes such crime or an attempt to commit such crime or would establish his complicity in its commission or attempted commission.

The Court is unable to find similar language in the statute that governs solicitation of a misdemeanor. As it is written under Guam law, there can be no crime consisting of solicitation of assault because assault is a misdemeanor. The indictment charging Defendant identifies assault as the underlying crime. Under Guam law, assault that is not aggravated assault or assault against a police officer is a misdemeanor. 9 GCA §§ 19.20-19.30. Here, the assault used as basis for the solicitation charge is misdemeanor assault.

The Government argues that solicitation of an assault is a lesser included offense of solicitation to commit a felony. The Government supports this claim by citing to 9 GCA § 13.60, which provides:

> (a) Except as otherwise provided in this Section attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious crime which is attempted or solicited or is an object of the conspiracy.
> (b) Attempted murder, and solicitation and conspiracy to commit murder are felonies of the first degree.
> (c) A conspiracy to commit a misdemeanor involving danger to the person or to commit a series or number of misdemeanors pursuant to a common scheme or plan is a felony of the third degree.

As the discussion relates to 9 GCA § 13.60, the Court finds the Government's argument about the "grade and degree" language persuasive but not convincing. Defendant's reply to the Government's Opposition is, however, convincing. Defendant emphasizes the language "except as otherwise provided in this section" to argue that legislature did not intend that misdemeanor assault is a lesser included offense of felony solicitation. 9 GCA § 13.60(a). Here, the exception is clearly otherwise provided and therefore there is no such conflict among the statutes that the Government claims to exist. Title 9 GCA § 13.20 can easily be read so that the "grade and degree" language in § 13.60 is inapplicable. The relevant statutes here are clear, concise and work smoothly together. The legislature made it clear on the face of the statute that it intended for a person to be unable to be found criminally liable for soliciting a misdemeanor or petty misdemeanor on Guam.

The Court agrees that lesser included offenses only need to maintain the same or fewer elements. The Court also agrees with the Government on the point that it maintains discretion in what charges to file, yet, the Court believes a charge must be based on an existing criminal statute. The Court must acknowledge that solicitation can only occur if the targeted crime is a felony as explained on the face of 9 GCA § 13.20. In cases where the intent of the legislature is uncertain, the Court would be more open to the

Government's arguments. Here, there is no ambiguity as the legislature explicitly stated in the comment, which is not law, that solicitation of a misdemeanor is not criminal. *See* Comment.

Defendant could never be found guilty of solicitation to commit misdemeanor assault and the first charge should be dismissed with prejudice. The Court does recognize that other solicitation charges could be possible in criminal cases involving felonies. The Court will not preclude such charges in the future of this case if based on credible facts. Here, the Government should never be allowed to charge this Defendant or any another defendant with solicitation to commit misdemeanor assault. Thus, charge one is dismissed with prejudice.

Official Misconduct

Official misconduct is defined under 9 GCA § 49.90, which provides:

> A public servant commits a misdemeanor if, with intent to benefit himself or another person or to harm another person or to deprive another person of a benefit;
> (a) he commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
> (b) he knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.

Defendant argues that the indictment phrased the official misconduct to be based "solicitation to commit assault". *See* Indictment. Defendant contends that there is no solicitation present in this case and as a result, the indictment fails to state an indictable offense to underlay the official misconduct charge. The Government simply argues that the solicitation of a misdemeanor itself is a proper charge and thus the official misconduct is a proper charge at it is phrased in the indictment.

The Court finds that the language used in the indictment is clear. Charge two is invalid because no crime of solicitation could possibly occur under the circumstances presented in the indictment. Without a basis for the finder of fact to determine whether Defendant "commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized," the Court is unable to let charge two of the indictment stand. The Court will dismiss charge two without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. The case will be dismissed with prejudice as two charge one and without prejudice as to charge two.

So **ORDERED** this 23rd day of May, 2012.

Original Signed By:
**HON. VERNON P. PEREZ**

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

MAY 2 3, 2012

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

*People v. Charfauros,*
Decision and Order
Criminal Case No. CM0090-12          - Page 5 of 5 -